## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

GROVER MISKOVSKY,                          )
                                       )
    Plaintiff,           )
                                       )
v.                                         )          Case No.: CIV-15-787-HE
                                       )
DEPARTMENT OF CORRECTIONS                  )
(DOC), et al.,                             )
                                       )
    Defendants.          )

## REPORT AND RECOMMENDATION

In this civil action originally filed with the District Court for Oklahoma County, Plaintiff

Grover Miskovsky ("Plaintiff"), a prisoner appearing pro se, alleges Defendants' actions

deprived him of rights guaranteed by the United States and Oklahoma Constitutions. [Doc. No.

1-1]. In view of his recitation of the federal Constitution as a basis for relief, and pursuant to 28

U.S.C. § 1441(a) and LCvR 81.2, Defendants removed the action to this Court on July 20, 2015.

Plaintiff, who objects to the removal, subsequently filed a Motion to Remand [Doc. No. 8] and a

Motion to Supplement His Motion to Remand [Doc. No. 10], which are presently before this

Court. Pursuant to an order entered by United States District Judge Joe Heaton [Doc. No. 7], the

matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

For the reasons set forth below, it is recommended that Plaintiff's Motions be denied.

## I.    Background and Case History

In his Petition [Doc. No. 1-1], Plaintiff alleges that by seizing all of the funds in his

prison draw account, Defendant Oklahoma Department of Corrections is violating his due

process and equal protection rights under the Fourth and Fourteenth Amendments to the United

States Constitution and that he therefore has claims for relief under 42 U.S.C. § 1983. *Id.* at pp.

3 ¶7(A); 5, ¶8.  Plaintiff further alleges Defendants' failure to permit him to receive the pair of Air Jordan sneakers that his treating physician prescribed and his family mailed to him at the Mack Alford Correctional Center amounts to deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution, which also gives rise to a claim for relief under § 1983.  *Id.* at pp. 5, ¶1; 11-15.

Plaintiff argues remand is warranted because (1) this Court previously dismissed his federal causes of action in Case No. CIV-08-123-HE on the grounds that he had failed to state a factual basis for granting relief, but did so without prejudice to Plaintiff's claims arising under state law; and (2) Plaintiff's current claims "raise questions of state law; and any constitutional issues raised can be remanded to the state court as the Oklahoma Constitution prohibits deliberate indifference . . . and the Oklahoma District Court can grant Plaintiff the relief the federal court refused to retain under pendent jurisdiction." [Doc. No. 8, ¶ 2].

Plaintiff's earlier federal lawsuit also concerned the allegedly improper seizure of funds from his prison draw account.  As in the instant action, Plaintiff asserted claims under the Fourth and Fourteenth Amendments and theories of recovery under § 1983.  The District Court for the Western District of Oklahoma ultimately resolved that case in favor of Defendants on summary judgment.  The final line of the March 5, 2013 Judgment reads "[a]ll remaining claims have previously been dismissed, and plaintiff's claims arising under state law, if any, are dismissed without prejudice."  [CIV-08-123-HE, Doc. No. 221].  Plaintiff appealed that decision to the Tenth Circuit Court of Appeals which affirmed the District Court's ruling [*Id.*, Doc. Nos. 228, 262].  He then sought a writ of certiorari, which the Supreme Court of the United States denied [*Id.*, Doc. Nos. 264, 265].

In their Response and Objection to Plaintiff's Motion to Remand [Doc. No. 9], filed July 31, 2015, Defendants point to the federal claims Plaintiff asserts in his Petition [Doc. No. 1-1] in support of their argument removal is appropriate under 28 U.S.C. § 1441(a).[1] In his Motion to Supplement His Motion to Remand [Doc. No. 10], filed August 28, 2015, Plaintiff attempts to strengthen his position by asking the Court to accept the Motion to Correct Clerical Errors and Omissions [Doc. No. 10-1] he filed in the District Court of Oklahoma County on August 3, 2015, in which he disclaims his allegations against Defendants in their official capacities and adds citations to OKLA. CONST. art. II, § 9 in support of his due process, equal protection, and deliberate indifference claims. Defendants responded in opposition [Doc. No. 12] on September 19, 2015, arguing that even if the District Court of Oklahoma County were to grant Plaintiff's Motion to Correct Clerical Errors and Omissions [Doc. No. 10-1], which it is without power to do under 28 U.S.C. § 1446(d),[2] the majority of Plaintiff's federal claims would endure, and removal to federal court would remain proper under 28 U.S.C. § 1441.

## II.     Analysis

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In the instant action,

---

[1] Section 1441(a) of Title 28 provides:
"(a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[2] Section 1446(d) of Title 28 provides:
"Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

Plaintiff asserts due process and equal protection claims under the Fourth and Fourteenth Amendments as well as a claim for deliberate indifference to medical needs under the Eighth Amendment, and seeks related relief under 42 U.S.C. § 1983. Plaintiff's Petition [Doc. No. 1-1] thus establishes that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. V. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841 (1983); *see also Morris v. City of Hobart*, 39 F.3d 1105, 1111 (holding "a district court may exercise jurisdiction when the cause of action is created by federal law or turns on a substantial question of federal law."). "The plaintiff is the 'master of the claim' and may prevent removal by choosing not to plead a federal claim even if one is available." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987)). It follows that a plaintiff "may not defeat removal by failing to plead federal questions that are essential element of [his] claim." *Franchise Tax Bd.*, 463 U.S. at 13, 103 S. Ct. at 2848. Thus, Plaintiff's argument that remand is proper because the District Court for Oklahoma County may exercise jurisdiction over and decide the substantive federal issues involved in the instant action because this Court, in 2013, dismissed on summary judgment the parallel federal claims Plaintiff asserted in his earlier lawsuit, is unsupported by law or precedent.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Plaintiff's Motion to Remand [Doc. No. 8] and Motion to Supplement His Motion to Remand [Doc. No. 10] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court on or before October 20, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; LCvR 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes only of Plaintiff's Motion to Remand [Doc. No. 8] and his Motion to Supplement His Motion to Remand [Doc. No. 10].

ENTERED this 29th day of September, 2015.

BERNARD M. JONES
United States Magistrate Judge