# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GROVER MISKOVSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-0787-HE |
| | ) | |
| JUSTIN JONES, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Grover Miskovsky ("Miskovsky"), a prisoner in state custody, commenced this case in Oklahoma state court. He asserted claims against the Oklahoma Department of Corrections ("DOC"), Justin Jones, the previous director of the DOC, and various other past or current DOC employees. The state court petition asserted claims based on both the United States and Oklahoma Constitutions. Defendants removed the case to this court, based on 28 U.S.C. § 1331 (federal question jurisdiction). Miskovsky then moved to remand the case to state court, arguing that he intended only to assert claims arising under state law.[1]

Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Bernard M. Jones, who has issued a Report and Recommendation recommending that Miskovsky's motion to remand be denied. Miskovsky has filed an objection to the Report and Recommendation.

---

[1]*At the time of the filing of the case and its removal, plaintiff was proceeding pro se. He has since appeared in this case by counsel.*

*Background*

The present dispute is not new to this court. In 2008, Miskovsky filed suit in this court against the DOC, Justin Jones, Judge Twyla Mason Gray, and others, asserting claims based on substantially the same claims as he now asserts here. He asserted state and federal claims based on allegations that the defendants violated his constitutional rights by illegally seizing the money in his prison draw account and that his resulting inability to obtain an eye exam and eyeglasses was due to the defendants' deliberate indifference to his medical needs. After various proceedings in this court, the court either dismissed or granted summary judgment as to each of Mr. Miskovsky's federal claims. It also declined to exercise supplemental jurisdiction over his claims arising under state law, dismissing those claims without prejudice. The court's disposition of the case was affirmed by the Tenth Circuit Court of Appeals. Miskovsky v. Jones, 559 F. App'x 673 (10th Cir. 2014) (Mem.); see 28 U.S.C. § 1367(c)(3).

Mr. Miskovsky then filed the present case, raising essentially the same claims as were involved in the prior suit. The claims are based on the seizure of money from his prison draw account with, in some cases, new parties now involved. His state court petition explicitly relied on both the federal and state constitutions as the bases for his claims. After removal based on the purported federal claims, Mr. Miskovsky sought to amend his petition in state court for the apparent purpose of clarifying that the reference to federal claims was in error and that he sought only to pursue the state claims which had been dismissed by this court without prejudice. He also eventually filed an amended complaint in this court (after the

2

Report and Recommendation was filed, and by then represented by counsel) which omits any reference to the federal constitution as the basis for his claims. By his objection, he continues to seek remand to state court.

*Discussion*

For the reasons stated in the Report and Recommendation, federal subject matter jurisdiction existed at the time of removal and the removal was proper. See Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991) ("[T]he propriety of removal is judged on the complaint as it stands at the time of the removal.") (internal citation omitted). The petition as filed in state court plainly asserted claims based on the U. S. Constitution.[2]

That the removal was proper does not, however, mean the case gets to stay here. Miskovsky has now made clear that he does not seek to pursue federal constitutional claims in this case. Indeed, he explicitly acknowledges that the federal claims arising out of this dispute have been previously resolved by this court.[3] The factors underlying this court's prior decision to decline to exercise supplemental jurisdiction have not changed, nor has its

---

[2]*Contrary to Mr. Miskovsky's suggestion, the removal was not in "bad faith" on the basis that defendants' lawyer knew, from the case history, what he really intended by his petition. In the face of explicit reliance on the federal constitution, defendants and their lawyers were entitled to take the petition at face value.*

[3]*For example, his motion to supplement his motion to remand [Doc. No. 10, at 4] acknowledges "the fact that all federal issues were previously resolved, in case No. CIV-08-123-HE." Defendants' suggestion that Mr. Miskovsky is attempting some sort of end-run around the court's prior order is inconsistent with plaintiff's concession. Further, even if plaintiff's intentions were otherwise, any attempted end-run would prove unsuccessful based on the application of claim preclusion (res judicata) principles.*

3

conclusion. Accordingly, whether viewed as a matter of loss of federal subject matter jurisdiction by reason of no federal claims being asserted, or as a matter of the federal claims having been previously resolved against plaintiff in this court, the result is the same. There are no federal claims remaining for resolution in this court and the court declines, again, to resolve the claims based on state law.

For the reasons stated, the Report and Recommendation [Doc. No. 15] is **ACCEPTED** insofar as it concluded the removal to this court was proper and denied the motion to remand on the basis then asserted. However, as the absence of any viable federal claim is now clear and the court declines to exercise supplemental jurisdiction over the state law claims, the case is **REMANDED** to the District Court of Oklahoma County.[4]

**IT IS SO ORDERED**.

Dated this 9th day of March, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[4]*The court could presumably either remand the case to state court or, once again, dismiss the state claims without prejudice. As plaintiff indicates an intention to pursue the state claims, it appears more efficient to remand the case to state court.*